UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS A. KENNEDY,

           Petitioner,           Case Number: 1:12-cv-13244

v.                                      Honorable Thomas L. Ludington

STEVEN RIVARD,

           Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO HOLD HABEAS
PETITION IN ABEYANCE AND ADMINISTRATIVELY CLOSING CASE**

Petitioner Douglas A. Kennedy is a state inmate at the St. Louis Correctional Facility in St. Louis, Michigan. He challenges his conviction for second-degree murder pursuant 28 U.S.C. § 2254. In addition to his habeas petition, Petitioner has filed a motion to hold habeas petition in abeyance. The motion will be granted.

**I**

Petitioner pleaded no contest in Genesee County Circuit Court to second-degree murder and to being a fourth habitual offender. On January 14, 2011, Petitioner was sentenced to 65 to 100 years in prison. The Court imposed restitution in the amount of $4,152 and $400 in attorney fees.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising three claims. First, Petitioner asserted that the trial court violated the prohibition against cruel or unusual punishment in sentencing him to a term of imprisonment of 65 to 100 years for second-degree murder. Second, Petitioner asserted that the trial court abused its discretion in ordering defendant to pay restitution and court costs, due at the time of sentencing, without taking into account his indigence and lack of financial resources and without giving him the

opportunity to object. And third, Petitioner asserted that the trial court erred in requiring him to pay attorney fees without first assessing his ability to pay.

The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Kennedy*, No. 143241 (Mich. Ct. App. May 20, 2011). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Kennedy,* 490 Mich. 874 (Mich. Sept. 26, 2011).

In July 2012, Petitioner filed a § 2254 petition in this Court asserting the same three claims raised on direct review in state court. The following month, Petitioner moved to hold the pending petition in abeyance so that he may return to state court to exhaust claims regarding deprivation of counsel and ineffective assistance of counsel.

## II

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). In this case, Petitioner requests that the Court stay the petition while he returns to state court to exhaust claims not previously asserted in that court.

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if dismissal of a habeas petition would jeopardize the timeliness of a future petition, there is "good cause" for the petitioner's not exhausting those claims, the unexhausted claims are not "plainly meritless," and "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Rhines v. Weber*, 544 U.S. 269, 278 (2005).

In this case, the dismissal of the petition, even without prejudice, may preclude future consideration of Petitioner's claims in this court due to the expiration of the statute of limitations. *See* 28 U.S.C. § 2241(d)(1). Staying a habeas corpus proceeding is appropriate where, as here, the original petition was timely filed, but a second, exhausted habeas petition may be time-barred. *See Hargrove v. Brigano*, 300 F.3d 717, 720–21 (6th Cir. 2002).

The Supreme Court did not define "good cause" in *Rhines*. The Sixth Circuit has not yet done so either. *See Bates v. Knab*, No. 2:10–CV–420, 2011 WL 2785244, *5 (S.D. Ohio July 15, 2011) (citing *Hnatiuk v. Trombley*, No. 06-13880, 2008 WL 3305157 (E.D. Mich. Aug. 11, 2008)). A number of federal district courts, however, have concluded that the *Rhines* good cause requirement is less stringent than the good cause showing required in the context of procedural default. *See Lockridge v. Ludwick*, No. 09-10145, 2009 WL 5217592, *3 (E.D. Mich. Dec. 28, 2009) (holding that "good cause under *Rhines* is something less than the cause needed to excuse a procedural default"); *Bryant v. Greiner*, No. 02Civ.6121(RMB)(RLE), 2006 WL 1675938, *5 (S.D. N.Y. June 15, 2006) (same); *Rhines v. Weber*, 408 F. Supp. 2d 844, 849 (D.S.D. 2005) (on remand, applying a more expansive definition of "good cause" than the showing needed for cause to excuse a procedural default).

In this case, Petitioner appears to raise ineffective assistance of counsel as cause for his failure to exhaust these claims previously. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Petitioner has thus satisfied the good cause standard.

The Court also must determine whether Petitioner's unexhausted claims are "plainly meritless." In *Rhines*, the Supreme Court did not establish a standard for determining whether a petitioner's claims are "plainly meritless." Most courts applying the standard do so with only a

light review of the merits. *E.g., Anthony v. Palmer*, No. 10–CV–13312, 2011 WL 1532162, *2 (E.D. Mich. Apr. 22, 2011) (granting stay under *Rhines* and holding that unexhausted claims are potentially meritorious with no analysis of merits of the claims); *Wengorovius v. Scutt*, No. 09–CV–13228, 2009 WL 2849577, *3 (E.D. Mich. Sept. 1, 2009) (granting stay and determining that unexhausted claims are not "plainly meritless" based upon an "initial review of the substance of the unexhausted issues" with no further discussion or analysis); *Wright v. Trombley*, 07-CV-10965, 2007 WL 4181316, *3 (E.D. Mich. Nov. 27, 2007) (same); *see also Cueto v. McNeil*, No. 08-22655-CIV, 2010 WL 1258065, *16 (S.D. Fla. March 12, 2010) (collecting cases). A claim is not plainly meritless if it alleges a constitutional violation that, if supported by sufficient evidence, would authorize issuance of a writ of habeas corpus. *Bartelli v. Wynder*, No. Civ.A. 04-CV-3817, 2005 WL 1155750, *2 (E.D. Pa. May 12, 2005).

A violation of the right to counsel, if supported by sufficient facts, may authorize issuance of a writ of habeas corpus. Without expressing an opinion on whether Petitioner's claims actually have merit, based on the current pleadings the Court cannot conclude that Petitioner's claims are "plainly meritless."

Finally, Petitioner does not appear to be engaging in intentionally dilatory litigation tactics. Accordingly, the case will be stayed to permit Petitioner to exhaust his unexhausted claims.

When a district court determines that a stay is appropriate pending resolution of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278.

In this case, Petitioner will be directed to present his claims in state court within sixty days from the date of this order. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

—

Petitioner will be further directed to request a lift of the stay imposed in this case within sixty days of completing state court review. *See id.* Not doing so, Petitioner is cautioned, may result in the petition being dismissed. As the Sixth Circuit instructs: "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* (internal quotation omitted).

Accordingly, it is **ORDERED** that Petitioner's motion to hold habeas petition in abeyance (ECF No. 5) is **GRANTED**.

It is further **ORDERED** that the habeas petition (ECF No. 1) is **STAYED** and further proceedings in this matter are held in **ABEYANCE**.

It is further **ORDERED** that if Petitioner fails to file a motion for relief from judgment with the state trial court within sixty days from the date of this order, the Court will dismiss the petition for writ of habeas corpus without prejudice. Petitioner shall file a motion to lift the stay and an amended petition in this Court within sixty days after the conclusion of the state court proceedings.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court shall administratively close this case.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: October 22, 2012

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and upon Douglas Kennedy #207632, St. Louis Correctional Facility, 8585 N. Croswell Road, St. Louis, MI 48880 first class U.S. mail on October 22, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS