UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DOUGLAS A. KENNEDY,

        Petitioner,        Case Number: 1:12-cv-13244
                                     Honorable Thomas L. Ludington

v.

STEVEN RIVARD,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND GRANTING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner Douglas A. Kennedy is a state inmate at the Lakeland Correctional Facility in Coldwater, Michigan. He challenges his conviction for second-degree murder, raising six grounds for relief. Respondent argues that the claims are procedurally defaulted and/or meritless. For the reasons discussed below, the petition will be denied and a certificate of appealability will not be granted.

**I.**

Petitioner's convictions arise from the murder of Ivy Kennedy, Petitioner's wife. Grand Blanc Township Police were asked to conduct a wellness check of Ivy after she had not been seen for several days. On February 11, 2009, police entered the apartment Ivy shared with Petitioner and found a deceased woman, later identified to be Ivy. She died from

multiple blunt force injuries to the face, forehead and scalp, causing fractures, lacerations, and hemorrhages to the face and neck area. Petitioner was arrested and interviewed by Detective Matt Harburn. After being advised of and waiving his *Miranda* rights, Petitioner gave a statement to Detective Harburn. Petitioner stated that a few days earlier, he had returned to the home he shared with Ivy in search of money after smoking large amounts of crack cocaine. Ivy began talking to him about his drug problem. Petitioner stated that after letting her talk for a minute, he picked up a weight and started hitting her. He hit her in order to get money for more crack cocaine. Petitioner believed he hit her approximately ten times. After he hit her, Petitioner covered Ivy with a comforter, took a shower, and disposed of his bloody clothes and the weights in a plastic bag in a dumpster in Flint.

Petitioner was charged in Genesee County Circuit Court with open murder and, in the alternative, first-degree premeditated murder. On December 3, 2010, Petitioner pleaded no contest to second-degree murder and being a fourth habitual offender, in exchange for dismissal of the first-degree premeditated murder charge and the amendment of the open murder charge to second-degree murder. On January 14, 2011, Petitioner was sentenced to 65 to 100 years in prison. The Court imposed restitution in the amount of $4,152 and $400 in attorney fees.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising these claims: (i) sentence violated the Eighth Amendment prohibition against cruel or unusual punishment; (ii) court erred in ordering Petitioner to pay restitution; and (iii) court erred in ordering Petitioner to pay attorney fees without assessing his ability to pay. The

Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Kennedy*, No. 143241 (Mich. Ct. App. May 20, 2011). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Kennedy,* 490 Mich. 874 (Mich. Sept. 26, 2011).

Petitioner then filed a habeas corpus petition. Petitioner raised the same claims raised on direct review. Petitioner also filed a Motion to Hold Habeas Petition in Abeyance, which the Court granted, to allow him to exhaust unexhausted claims in state court. Petitioner filed a motion for relief from judgment in the trial court, raising these claims: (i) police used diversionary tactic to prevent Petitioner from invoking right to counsel; (ii) counsel was ineffective for failing to object to use of GPS tracking without a warrant; and (iii) counsel was ineffective in failing to move to suppress custodial statement. The trial court denied the motion for relief from judgment. 7/17/13 Order, ECF No. 16-22. Petitioner sought leave to appeal the trial court's decision in the Michigan Court of Appeals, which denied leave to appeal, *People v. Kennedy,* No. 319489 (Mich. Ct. App. Apr. 7, 2014), and the Michigan Supreme Court, which also denied leave to appeal. *People v. Kennedy*, 857 N.W.3d 33 (Mich. 2014).

Petitioner returned to this Court and moved to reopen the habeas petition and filed an amended petition. The Court granted his request to reopen. The habeas corpus petition raises these claims:

    I.       The trial court violated Michigan's constitutional prohibition against cruel or

unusual punishment in sentencing defendant to a term of imprisonment of 65 to 100 years for second-degree murder.

II. The trial court abused its discretion in ordering defendant to pay restitution and court costs, due at the time of sentencing, without taking into account his indigence and lack of financial resources and without giving him the opportunity to object.

III. The trial court erred in requiring defendant to pay attorney fees without first assessing his ability to pay.

IV. Petitioner was denied right to counsel during custodial interrogation by police officers' diversionary tactics to prevent him from invoking his right to counsel violating the U.S. Constitutional Amendment 5 and 6 Miranda v. Arizona, Mich. Const. 1963 Art 21 Sec 17 and 20.

V. Petitioner's rights were violated under the Fourth Amendment where government obtained information by physically intruding on constitutionally protected area "search" within original meaning of Fourth Amendment has occurred.

VI. Defendant had his right to effective assistance of counsel at trial violated when counsel did not object to wrongful methods used in Defendant's arrest under 6th Amendment of the U.S. Constitution.

## II.

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotations omitted). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are

5

inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, a federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**A.**

Respondent argues that several of Petitioner's claims are procedurally defaulted. "[F]ederal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003), *citing Lambrix v. Singletary*, 520 U.S. 518, 525 (1997). "Judicial economy might counsel giving the [other] question priority, for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In this case, the Court finds that the interests of judicial economy are best served by addressing the merits of these claims.

**i.**

Petitioner argues that his sentence violates the Eighth Amendment's ban on cruel and unusual punishment. The Michigan Court of Appeals denied this claim "for lack of merit in the grounds presented." 5/20/2011 Order, ECF No. 16-23. The Michigan Court of Appeals' summary denial of Petitioner's claim, despite its brevity, is entitled to deference under § 2254(d). Where a state court denies a claim on the merits, but without explanation, "a habeas court must determine what arguments or theories ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with [Supreme Court precedent]." *Harrington*, 562 U.S. at 102. Accordingly, the question here is whether any reasonable argument consistent with established Supreme Court law could support the state court decision summarily rejecting Petitioner's claim.

The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991), quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983). Courts reviewing Eighth Amendment proportionality must remain highly deferential to the legislatures in determining the appropriate punishments for crimes. *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003), citing *Harmelin*, 501 U.S. at 999. "In implementing this 'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'" *Cowherd v. Million*, 260 Fed. App'x 781,

7

785 (6th Cir. 2008), quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Petitioner's sentence falls within the statutory maximum for his offense. *See* Mich. Comp. Laws § 750.317 (allowing up to a life sentence for second-degree murder). Petitioner's prior record supports the length of the sentence. He was a fourth habitual offender, committed this crime while on parole, and the trial court found he had been given several prior opportunities to live as a productive member of society. The trial court concluded that Petitioner's criminal history and parole failure created a risk to the public justifying the harsh sentence. Given this record, and the seriousness of Petitioner's crime, the Michigan Court of Appeals reasonably concluded that Petitioner's sentence was not disproportionate, nor cruel and unusual punishment. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000) ("A sentence within the statutory maximum . . . generally does not constitute cruel and unusual punishment.") (internal quotation omitted).

**ii.**

Petitioner argues that the trial court erred in ordering him to pay restitution and attorney fees. Subject matter jurisdiction exists under § 2254 "'only for claims that a person is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Washington v. McQuiggin*, 529 Fed. App'x 766, 772 (6th Cir. July 11, 2013), quoting *Dickerson v. United States*, 530 U.S. 428, 439 n.3 (2000); 28 U.S.C. § 2254(a). Restitution

orders generally "fall outside the scope of the federal habeas statute because they do not satisfy the 'in custody' requirement of a cognizable habeas claim." *Id.* at 773. A federal court does not obtain jurisdiction over a challenge to a restitution order merely because the petitioner is in custody at the time he files his claim. A restitution order "falls outside . . . the margins of habeas . . . because it is not a serious restraint on . . . liberty as to warrant habeas relief." *Id.* (quotations omitted). Where a petition raises a challenge to a restitution order, the district court lacks subject matter jurisdiction over that claim. *Id.* Thus, the Court lacks jurisdiction to address Petitioner's challenge to the restitution and attorney fees orders.

### iii.

Petitioner's fourth claim for habeas corpus relief concerns an alleged violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). If a plea is entered knowingly and voluntarily, collateral attack is generally foreclosed. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. This principle also applies to no contest pleas; a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before

9

his plea. *Ortberg v. Moody*, 961 F.2d 135, 137 (9th Cir. 1992) ("Petitioner's nolo contendere plea precludes him from challenging alleged constitutional violations that occurred prior to the entry of that plea."). Thus, Petitioner's claim that his custodial statement should have been suppressed was waived by his no contest plea. *Accord United States v. Abdulmutallab*, 739 F.3d 891, 904 (6th Cir. 2014) (holding that a defendant who pleads guilty may not raise on appeal an adverse ruling on a pre-plea motion to suppress unless the right to do so was specifically preserved by entry of a conditional plea); *United States v. Tucker*, 511 Fed. App'x 166, 169-70 (3d Cir. 2013) (holding that a voluntary guilty plea waives claim that police elicited inculpatory testimony without first administering *Miranda* warnings). Petitioner did not enter a conditional plea. His *Miranda* violation claim was thus waived by entry of his no contest plea.

**iv.**

Petitioner claims that the police violated his right to be free from unlawful search and seizure when they used GPS technology in the victim's car to track him prior to his arrest without first obtaining a warrant. The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). "Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). Petitioner has not shown

that presentation of this claim was frustrated by a failure of this mechanism. The claim is therefore barred on collateral review by *Stone v. Powell*. In addition, the Fourth Amendment challenge is a non-jurisdictional defect. Thus, collateral attack based on this fourth amendment challenge was waived by Petitioner's plea. *Tollett*, 411 U.S. at 267.

v.

Finally, Petitioner seeks habeas corpus relief on the ground that his defense attorney rendered ineffective assistance. Petitioner's argument in support of this claim is conclusory and the basis for his claim not well-developed. As best the Court can discern, Petitioner argues that his attorney was ineffective in failing to move to suppress his custodial statement and in failing to object to the use of a GPS tracking device to secure his arrest.

To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Supreme Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms."

11

*Wiggins v. Smith*, 539 U.S. 510, 521 (2003) quoting *Strickland*, 466 U.S. at 688 (internal quotes omitted).

In guilty plea cases, the "performance" prong requires a showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. The petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*; *see also Smith v. United States*, 348 F.3d 545, 551-52 (6th Cir. 2003).

Pre-plea claims of ineffective assistance of trial counsel which do not attack the voluntary or intelligent nature of a plea, like the ones complained of by Petitioner, are considered non-jurisdictional defects that are waived by a guilty plea. *See United States v. Stiger*, 20 Fed. App'x 307, 309 (6th Cir. 2001); *Siebert v. Jackson*, 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002) (habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea). Moreover, contrary to Petitioner's claim, defense counsel moved to suppress his custodial statement. A hearing was held in the trial court on the motion during which the police officer who took the statement testified. The hearing was adjourned to allow for production of Petitioner's medical records. Because Petitioner entered a plea while the motion to suppress was pending, the motion was

not decided. Nevertheless, counsel clearly sought to suppress the statement. For the foregoing reasons, the petition for a writ of a habeas corpus will be denied.

### III.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must be issued. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Having considered the matter, the Court concludes that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case.

## IV.

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus, ECF No. 1, is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that petitioner may proceed *in forma pauperis* on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 12, 2018

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 12, 2018.

s/Kelly Winslow  
KELLY WINSLOW, Case Manager